UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL FERNANDEZ, on behalf of himself, individually, and on behalf of all others similarly situated,

Plaintiff,

-against-

QUARRY TILE MARBLE AND GRANITE, INC., and QUARRY KITCHEN & BATH, INC., and FRANK GIARAMITA, individually, and RITA GIARAMITA, individually, and JONATHAN GIARAMITA, individually,

Defendants.

**COMPLAINT**

Docket No.:

Jury Trial Demanded

MANUEL FERNANDEZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C, as and for his Complaint against QUARRY TILE MARBLE AND GRANITE, INC. ("Quarry Tile"), and QUARRY KITCHEN & BATH, INC. ("Quarry Kitchen"), (these two corporate defendants, collectively, as "Quarry"), and FRANK GIARAMITA, individually, and RITA GIARAMITA, individually, and JONATHAN GIARAMITA, individually, (all five, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-

2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each pay day, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff is a former employee of Defendants - - two corporations that operate as single entity to provide tile, marble, and granite to customers in New York and New Jersey, and its three co-owners and day-to-day overseers - - who worked as a marble finisher from in or about April 1999 to in or about January 2016. As described below, for the entirety of his employment, but specifically for the six-year period pre-dating the commencement of this action, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL, in that Defendants required Plaintiff to routinely work beyond forty hours in a workweek, but failed to compensate him with the statutorily-required overtime premium for each hour that he worked in excess of forty.

3. Additionally, Defendants failed to provide Plaintiff with accurate wage statements on each payday, as the NYLL requires.

4. Defendants paid and treated all of their non-managerial employees in the same manner.

5. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

**JURISDICTION AND VENUE**

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

8. At all relevant times herein, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

9. At all relevant times herein, Defendant Quarry Tile was and is a New York company with its principal place of business located at 192 Lexington Avenue, New York, New York 10016.

10. At all relevant times herein, Defendant Quarry Kitchen was and is a New York company with its principal place of business located at 192 Lexington Avenue, New York, New York 10016.

11. At all relevant times herein, Defendants Quarry Tile and Quarry Kitchen operated as a unified operation by performing all of their business activities as a single business unit from the exact same location to accomplish a common business purpose. There is no functional difference between the two businesses. They both use employees interchangeably, have the same management, and maintain the same business records.

12. At all relevant times herein, Defendant Frank Giaramita was and is a co-owner of Defendant Quarry. Defendant Frank Giaramita personally managed and oversaw the day-to-day operations of Defendant Quarry, and, along with his wife, Rita F. Giaramita, and son, Jonathan Giaramita, was ultimately, along with his wife and son, responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Frank Giaramita had the power to hire and fire and approve all personnel decisions with respect to Quarry employees.

13. At all relevant times herein, Defendant Rita Giaramita was and is a co-owner of Defendant Quarry and Chief Executive Officer of Defendant Quarry Tile. Defendant Rita Giaramita, along with her husband, Frank Giaramita, and son, Jonathan Giaramita, personally managed and oversaw the day-to-day operations of Defendant Quarry, and was, along with her husband and son, ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Rita Giaramita had the power to hire and fire and approve all personnel decisions with respect to Defendant Quarry employees.

14. At all relevant times herein, Defendant Jonathan Giaramita was and is a co-owner of Defendant Quarry and Chief Executive Officer of Defendant Quarry Kitchen. Defendant Jonathan Giaramita, along with his father, Frank Giaramita, and mother, Rita Giaramita, personally managed and oversaw the day-to-day operations of Defendant Quarry, and, along with his parents, was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Jonathan Giaramita had the power to hire and fire and approve all personnel decisions with respect to Defendant Quarry employees.

15. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and NYLL. Quarry's qualifying annual business exceeded and exceeds

$500,000, and Quarry is engaged in interstate commerce within the meaning of the FLSA, as it is engaged in purchasing, selling and installing tile, marble, and granite in both New York and New Jersey, and to accomplish that, uses and works with materials that have travelled in interstate commerce and were purchased from suppliers outside of New York state, which subjects Defendants to the FLSA's overtime requirements as an enterprise. Furthermore, all of Quarry's employees, including Plaintiff and FLSA Plaintiffs, are required to install tile, marble, and granite to customers in both New York and New Jersey. This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

**COLLECTIVE ACTION ALLEGATIONS**

16. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees who, during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

17. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

19. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees an overtime premium for all hours worked per workweek above forty, in violation of the FLSA.

**BACKGROUND FACTS**

20. Defendants are a New York-based tile, marble, and granite company, which installs tiles, marble, and granite materials in its customers' kitchens and bathrooms in both New York and New Jersey.

21. On April 25, 1999, Plaintiff commenced his employment with Defendants as a marble finisher and was employed in this position until January 22, 2016.

22. In that role, Plaintiff's primary duties consisted of installing tile, marble, and granite materials in customers' homes, which were located in both New York and New Jersey. Specifically, Plaintiff installed and finished countertops, floors, and walls, into customers' kitchens and bathrooms.

23. Defendants' workweeks, as described on Plaintiff's paystubs, ran from Thursdays through Wednesdays

24. Throughout his employment, Defendants required Plaintiff to work six days per week, working on Mondays through Fridays from approximately 6:00 a.m. until between 4:00 p.m. and 5:00 p.m., with a thirty-minute paid lunch break each day, and on Saturdays from 6:00 a.m. until 12:00 noon without break. Thus, by approximation, throughout his employment, when

discounting Plaintiff's thirty minute breaks on weekdays, Defendants required Plaintiff to work, and Plaintiff did routinely work, between fifty-three and one-half and fifty-eight and one-half hours per week.

25. For example, during the workweek of July 9, 2015 through July 15, 2015, Defendants required Plaintiff to work, and Plaintiff did work, from 6:00 a.m. until 5:00 p.m. during five days that week, with a thirty-minute paid lunch break each day, and from 6:00 a.m. until 12:00 noon on Saturday of that week, without break, for a total of fifty-eight and one-half hours.

26. As a second example, during the workweek of August 20, 2015 through August 26, 2015, Defendants required Plaintiff to work, and Plaintiff did work, from 6:00 a.m. until 5:00 p.m. during five days that week, with a thirty-minute paid lunch break each day, and from 6:00 a.m. until 12:00 noon on Saturday of that week, without break, for a total of fifty-eight and one-half hours.

27. For each workweek that Plaintiff worked, including the two example weeks described above, Defendants paid Plaintiff $29.00 per hour for every hour worked, regardless of the number of hours worked. Accordingly, Defendants failed to pay Plaintiff at the applicable overtime rate for each hour that Plaintiff worked over forty in a workweek.

28. Defendants paid Plaintiff on a bi-weekly basis.

29. On each occasion when they paid Plaintiff, Defendants intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week and his overtime rates of pay for all hours worked. Rather, the wage statements that Defendants furnished to Plaintiff only listed that Plaintiff worked forty hours per week. Defendants paid Plaintiff in cash for all hours worked in excess of forty at his straight-time rate of $29 per hour without accounting for that pay or those hours on Plaintiff's paystubs.

30. Defendants treated Plaintiff and FLSA Plaintiffs in the manner described above.

31. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

32. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

33. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate of not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

35. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

36. Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

37. Defendants willfully violated the FLSA.

38. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

39. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Unpaid Overtime Under the NYLL and the NYCCRR*

40. Plaintiff, and any FLSA Plaintiff who opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

42. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

43. As also described above, Plaintiff, and any FLSA Plaintiff who opts in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

44. Plaintiff, and any FLSA Plaintiff who opts in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

45. Plaintiff, and any FLSA Plaintiff who opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

46. Plaintiff, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

48. As described above, the Defendants, on each payday, willfully failed to furnish Plaintiff, and any FLSA Plaintiff who opts in to this action, with accurate wage statements containing the criteria required under the NYLL.

49. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), the Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

50. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**DEMAND FOR A JURY TRIAL**

51. Pursuant to FRCP 38(b), Plaintiff, and any FLSA Plaintiff who opts in to this action, demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and any FLSA Plaintiff who opts in to this action, demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or any FLSA Plaintiff for participation in any form in this litigation;

d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for the Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i. Pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff, and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
October 11, 2016

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel.: (212) 679 - 5000
Fax: (212) 679 - 5005

By: /S/ David D. Barnhorn
DAVID D. BARNHORN, ESQ. (DB 9685)
ALEXANDER T. COLEMAN, ESQ. (AC 1717)
MICHAEL J. BORRELLI, ESQ. (MB 8533)